# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| DEANDRE PATTON (3) | Case Number: 2:08-CR-0163-JCM-GWF |
| | USM Number: 42813-048 |
| | SUNETHRA MURALIDHARA, AFPD |
| | Defendant's Attorney |

**Date of Original Judgment:** 12/17/2010
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☑ Direct Motion to District Court Pursuant ☑ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
* ☑ was found guilty on count(s)  1 AND 2 OF THE INDICTMENT  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC§1951(a) | Conspiracy to Interfere with Commerce by Robbery | 5/15/2008 | 1 |
| 21 USC§846 | Conspiracy to Possess Cocaine with Intent to Distribute | 5/15/2008 | 2 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
* ☑ Count(s)  Three (3)  ☑ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/11/2018
Date of Imposition of Judgment

*/s/ James C. Mahan*
Signature of Judge

JAMES C. MAHAN, U.S. DISTRICT JUDGE
Name and Title of Judge

July 12, 2018
Date

DEFENDANT: DEANDRE PATTON (3)
CASE NUMBER: 2:08-CR-0163-JCM-GWF

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

\* (120) months' imprisonment on Counts 1 and 2 (to also run concurrent with the sentence imposed in case 2:08-cr-0140-KJD-LRL.

☑ The court makes the following recommendations to the Bureau of Prisons:

1. Residential Drug Program
2. Safford, Arizona
3. Phoenix, Arizona

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DEANDRE PATTON (3)  
CASE NUMBER: 2:08-CR-0163-JCM-GWF

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

\* (3) years as to count 1; (5) years as to count 2 to run concurrent for a total of **(5) years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: DEANDRE PATTON (3)
CASE NUMBER: 2:08-CR-0163-JCM-GWF

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

AO 245C (Rev. 02/18)  Amended Judgment in a Criminal Case
             Sheet 3D — Supervised Release                                          (NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___ of ___ 1

DEFENDANT: DEANDRE PATTON (3)
CASE NUMBER: 2:08-CR-0163-JCM-GWF

# SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. Warrantless Search - You shall submit your person, property, residence, place of business and vehicle under your control to a search conducted by the United States Probation Officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other occupant that the premises may be subject to a search pursuant to this condition.

3. Substance Abuse Treatment- You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4. Report to Probation Officer After Release From Custody - You shall report in person, to the probation office in the district in which you are released within 72 hours of discharge from custody.

Note: A written statement of the conditions of release was provided to the Defendant by the Probation Officer in open court at the time of sentencing.

DEFENDANT: DEANDRE PATTON (3)
CASE NUMBER: 2:08-CR-0163-JCM-GWF

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| * TOTALS | $ 200.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

TOTALS $ 0.00   $ 0.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ____ of __1__

DEFENDANT: DEANDRE PATTON (3)
CASE NUMBER: 2:08-CR-0163-JCM-GWF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

\* **A** ☑ Lump sum payment of $ __200.00__ due immediately, balance due

☐ not later than _____ , or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

**AMENDED FINAL ORDER OF FORFEITURE ATTACHED"**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:08-CR-163-JCM-(GWF) |
| Plaintiff, ) | |
| v. ) | Amended Final Order of Forfeiture |
| DEANDRE PATTON, ) | |
| Defendant. ) | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2) and Title 18, United States Code, Section 924(d)(1) and (3) with Title 28, United States Code, Section 2461(c), based upon the jury verdict finding defendant Deandre Patton guilty of the criminal offenses, forfeiting specific property set forth in the Forfeiture Allegation of the Criminal Indictment and shown by the United States to have the requisite nexus to the offenses to which defendant Deandre Patton was found guilty. Criminal Indictment, ECF No. 37; Minutes of Jury Trial, ECF No. 484; Verdict Form, ECF No. 486; Preliminary Order of Forfeiture, ECF No. 507.

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

This Court finds the United States of America published the notice of forfeiture in accordance with the law on June 14, 2010, June 21, 2010, and June 28, 2010, in the Las Vegas Review-Journal/Sun; and via the official government internet forfeiture site, www.forfeiture.gov,

consecutively from May 17, 2010, through June 15, 2010, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 520.

This Court finds the United States of America notified known third parties by personal service, or by regular mail and certified mail return receipt requested, of their right to petition the Court. Notice of Filing Service of Process – Personal Service, ECF Nos. 534, 535, 536, 537, and 546.

On July 21, 2010, the United States Marshals Service personally served Kelly Carn with copies of the Preliminary Orders of Forfeiture, the Notice, and the Petition, Stipulation for Return of Property and Order. Notice of Filing Service of Process as to Kelly Carn, ECF No. 534.

On August 23, 2010, the United States Marshals Service attempted to personally serve Bradley Moore with copies of the Preliminary Orders of Forfeiture, the Notice, and the Petition, Stipulation for Return of Property and Order. Notice of Filing Service of Process as to Bradley Moore, ECF No. 535.

On July 21, 2010, the United States Marshals Service served Roderick Jones by regular mail and certified mail return receipt requested with copies of the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process as to Roderick Jones, ECF No. 536.

On July 21, 2010, the United States Marshals Service served John Matsubayashi by regular mail and certified mail return receipt requested with copies of the Preliminary Orders of Forfeiture, the Notice, and the Petition, Stipulation for Return of Property and Order. Notice of Filing Service of Process as to John Matsubayashi, ECF No. 537.

On November 1, 2010, the United States Marshals Service personally served Bradley Moore with copies of the Preliminary Orders of Forfeiture, the Notice, and the Petition, Stipulation for Return of Property and Order. Notice of Filing Service of Process as to Bradley Moore, ECF No. 546.

On September 8, 2010, the United States filed the Petition, Stipulation for Return of Property and Order as to Kelly Carn (ECF No. 533). On September 13, 2010, the Court granted the Stipulation for Return of Property and Order as to Kelly Carn (ECF No. 538).

On November 5, 2010, the United States filed the Petition, Stipulation for Return of Property and Order as to Bradley Moore (ECF No. 547). On November 9, 2010, the Court granted the Petition, Stipulation for Return of Property and Order as to Bradley Moore (ECF No. 551).

This Court finds no other petition were filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the property named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 924(d)(1) with Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according to law:

  a) a .357 Ruger revolver (serial number 570-92932);

  b) a Walther .45 caliber pistol (serial number 003925W993);

  c) .45 caliber Olympic Arms pistol (serial number S7805);

  d) a 12-gauge Mossberg shotgun (serial number P900915);

  e) Five rounds of 12-gauge Mossberg shotgun ammunition;

  f) a Springfield Armory .45 caliber pistol (serial number N347237); and

  g) Any firearm or ammunition involved in or used in any knowing violation of the criminal charges of the indictment

(all of which constitutes property).

1   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited
2   funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well
3   as any income derived as a result of the United States of America's management of any property
4   forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of
5   according to law and stipulation.
6   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies
7   of this Order to all counsel of record.
8   DATED this 16th day of July, 2018.

_____
UNITED STATES DISTRICT JUDGE